STATE, DEPARTMENT OF MENTAL HYGIENE AND CORRECTION, Plaintiff, v. PIZON, Defendant.

Common Pleas Court, Cuyahoga County.

No. 699624. Decided December 3, 1959.

Mark McElroy, Atty. Genl., by Michael P. O'Brien, Chief Asst. Atty. Genl., John M. Connors, Cleveland, for plaintiff.

Matia & Matia, Cleveland, for defendant Pizon.

Sidney B. Fink, Cleveland, for defendants Piotrowski, Talani & Liszeski.

OPINION

By J. J. P. CORRIGAN, J.:

This is an action brought by The State of Ohio, Department of Mental Hygiene and Correction, to recover for the support of an inmate in a benevolent institution. The State brings its action pursuant to the provisions of §5121.06 R. C. The statute reads as follows:

**"Sec. 5121.06 R. C. Liability for support.**

"A husband may be held liable for the support of a wife; a wife for a husband; a father or mother for a son or daughter; and a son or daughter, or both, for a father or mother, while such wife, husband, father, mother, son, or daughter is an inmate of a benevolent institution under the control of the department of mental hygiene and correction."

The defendants named in the action are the husband of the inmate, both as guardian and individually, and 8 sons and daughters of the inmate.

Three of the children named demurred to the amended petition on the grounds that the amended petition does not state a cause of action against them, and secondly, that there is a misjoinder of parties defendant.

The question presented is whether the statute provides for a cause of action against the children of an inmate when the husband of the inmate is living and is made a party to the action.

The cause of action established by the statute as against the sons and daughters is in derogation of the common law. As a statutory action, the provisions must be rigidly construed. Though the moral obligation of children supporting infirm parents may be contra, I am unable to find any principle of the Common Law imposing upon children the responsibility for the support of their parents. Thus, we are faced with a pure question of statutory construction.

The State places a substantial reliance upon the case of **State v. Weber, 163 Oh St 598 (1955).** This case held that the statute provided for a joint and several liability of the parents of an adult inmate. This case, however, does not determine the issue presented here. The issue at bar, is whether there is several liability imposed upon separate classes of persons named in the statute. State v. Weber, supra, must be followed as between mother and father and son and daughter, but it is in no way dispositive of the question of joint liability as between husband and children.

The case most nearly in point is **State v. Smith, 87 Oh Ap 438 (1950).** This case holds that a father is not responsible under the statute for the support of an adult, married daughter while she was an inmate in a benevolent institution. The daughter was married at the time she was placed in the institution. The Court in the Smith case, supra, at page 439, said:

"It must be conceded that this enactment is indefinite and uncertain as to who is responsible for the maintenance of a married woman having both a husband and a father still living. If it was intended that both be responsible it would seem that the act would have so indicated as was clearly done in the case of a son or daughter having a parent in a state institution, the act providing, '* * * and a son or daughter, or both, for a father or mother.' We must therefore proceed on the theory that liability attaches only to the husband or father but not to both. Since the statute operates to create a liability it must be strictly construed in favor of the one sought to be subjected to its terms. **Division of Aid v. Hogen, Admr., 143 Oh St 186, 191,** 54 N. E. (2d), 781; 59 Corpus Juris,

1129, Section 668. The enactment offers no suggestion that the Legislature intended to create a new or different liability for the support of an insane person from that of one not so afflicted. Clearly under §7997 GC, the husband, and not the father, is responsible for the support of the wife."

It is the opinion of the Court that §5121.06 R. C., is not clear as to the liability of the children when it is evident that the husband is living. On the authority of the Smith Case, supra, the demurrer to the amended petition will be sustained. The ground of sustaining the demurrer is that no cause of action is stated.